RICK A. LOCKHART

v.

DIANE M. BAXTER

No. 1071-90-4

Decided June 4, 1991

COUNSEL

Betty Moore Sandler (Nichols, Bergere, Borinsky & Zauzig, P. C., on briefs), for appellant.

Joyce M. Henry-Schargorodski (Gaughan & Schargorodski, on brief), for appellee.

OPINION

**MOON, J.**—The appellant, Rick A. Lockhart, alleges that the trial judge erred (1) by refusing his motion to extend the time for the filing of responsive pleadings, (2) by incorporating the parties' property settlement into the divorce decree over his objection, (3) by refusing to set aside the consent order, (4) by awarding cumulative attorney's fees, and (5) by refusing him access to the former marital residence and his personal property. Finding no error, we affirm.

Rick A. Lockhart and Diane M. Baxter were married in 1988. Shortly prior to the marriage, they entered into a prenuptial agreement to protect the wife's assets as she brought most of the money into the marriage, having received it from her father. In April 1989, the parties purchased a house. According to Mr. Lockhart, at his request, the parties entered into an addendum to their premarital agreement to protect his wife's investment in the home. The premarital agreement provided if "one of the parties elects to leave (permanently) said property and ceases their contribution towards the payment (relationship) the other party shall

assume one hundred percent of the value of the investments appreciation." Shortly thereafter, the parties' marital relationship deteriorated as Mr. Lockhart was admittedly using illicit drugs and required treatment. According to Ms. Baxter, at one point her husband choked her and lifted her from the ground by her neck while threatening to kill her. She also suspected that her husband was conducting illegal activities from the marital residence. Shortly thereafter she filed for divorce.

In preparation for divorce, Ms. Baxter hired an attorney, Mr. Nicholas A. Balland. Mr. Balland testified that he was contacted by Ms. Baxter, who indicated that the parties had reached an agreement and wished that he draft a document to memorialize this agreement. Mr. Balland telephoned Mr. Lockhart to verify the terms of the agreement. Mr. Balland then drew up a consent order which Mr. Lockhart came to his office to sign. Mr. Balland testified that he advised Mr. Lockhart both over the phone and in person at his office that he should obtain his own attorney to review the document. According to Mr. Balland, Mr. Lockhart stated that he understood the terms of the agreement and did not wish to have an attorney. Mr. Balland had been advised by Ms. Baxter of the appellant's drug problem. Mr. Balland stated, "I was very careful to inquire about his condition, I asked if he understood everything and he replied that he did, that he was neither ill nor was he under the effects of his addiction." Mr. Balland testified that Mr. Lockhart's speech was perfect, that he had no trouble communicating with Mr. Lockhart, and that Mr. Lockhart bore no visible manifestations of his addiction.

The consent order provided that the husband surrender exclusive use and possession of the marital residence to the wife, that he be enjoined from harassing, threatening, and abusing the wife, and that he pay the wife's attorney's fees and support until further decree. The consent decree was entered October 20, 1989. In April, Mr. Balland drew up a property settlement agreement which reflected the terms of the parties' earlier prenuptial agreement.

While Mr. Lockhart intended to come to Mr. Balland's office to sign the property settlement agreement, the agreement was subsequently taken to Mr. Lockhart by courier and was signed at his residence. Mr. Lockhart alleges that the reason he was unable to go to Mr. Balland's office was because he was suffering from with-

drawal of his addiction. Mr. Lockhart signed the property settlement in the blank designated for the date above the notary's signature. A second "clean" copy was prepared, which Ms. Baxter took to Mr. Lockhart. Ms. Baxter testified that Mr. Lockhart was lucid, had no trouble communicating with her, and understood what was going on. She stated that she spent approximately an hour and a half with Mr. Lockhart at the signing of the second agreement, which she then returned to Mr. Balland.

Mr. Lockhart now alleges that, at the time of the signing of the property settlement agreement, he thought it was merely a two month separation agreement that would provide for a cooling off period between the parties and was not in contemplation of permanent divorce. However, the document upon its face clearly states that it is in contemplation of a permanent divorce. Mr. Lockhart further alleges that he first learned of the consent order when he looked through the court's file in January of 1990. Mr. Lockhart obtained his own attorney who, on March 21, 1990, filed a motion for extension of time to file responsive pleadings. The motion was denied. Mr. Lockhart alleges that in doing so, the trial judge abused his discretion and denied him due process of law.

"Virginia cases consistently have held that the decision to grant or deny an extension to file pleadings where the time for doing so has expired rests within the sound discretion of the trial court." *Emrich v. Emrich*, 9 Va. App. 288, 292, 387 S.E.2d 274, 275 (1989). The standard of review by which we measure whether a trial judge has improperly refused the extension of time to file responsive pleadings is "whether there was a clear abuse of discretion." *Id.* "Inadvertence or failure to exercise due diligence under the circumstances in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements." *Id.* at 293, 387 S.E.2d at 276.

In the present case, the record indicates that Mr. Lockhart was informed that he should obtain his own legal counsel and refused to do so. Mr. Lockhart stated that he understood the papers he was signing and was given full opportunity to review them. The papers clearly state the purposes for which they were drawn. Further, while Mr. Lockhart claims that he did not realize the consent order had been entered against him until January when he found it in the court's file, he did not file a motion until March. We cannot say that, as a matter of law, Mr. Lockhart used due

diligence in pursuing the remedies which he now seeks and that, therefore, the trial court abused its discretion in refusing Mr. Lockhart's motion for an extension of time for the filing of responsive pleadings.

■ Mr. Lockhart further asserts that this refusal amounts to a denial of due process of law. Notice and opportunity to be heard are fundamental requirements of due process of law. *Moore v. Smith*, 177 Va. 621, 626, 15 S.E.2d 48, 50 (1941). In the present case, Mr. Lockhart was served with notice of the pending proceeding, was present at trial, was allowed to testify in his behalf and have his attorney cross-examine his wife's witnesses. Thus, Mr. Lockhart was not denied due process of law.

The judgment was entered against him only after the trial judge made the findings that "the separation agreement and the . . . consent order, were entered into voluntarily, knowingly, and intelligently, with an understanding of its nature and consequences [with] absolutely no evidence of fraud, duress, or coercion." Upon this finding, the court incorporated the agreement into the decree.

■ Code § 20-109.1 provides the trial court with discretion to incorporate a property settlement agreement into a final decree of divorce. However, "Code § 20-109.1 does not require the trial court to conduct a separate inquiry into the validity of a property settlement agreement which appears valid on its face." *Forrest v. Forrest*, 3 Va. App. 236, 240, 349 S.E.2d 157, 160 (1986). In this case, the trial court did take evidence regarding the conditions of the parties, the circumstances surrounding the signing of the documents, and found no cognizable claim of incapacity or mistake as alleged by Mr. Lockhart. The trial court's decision to incorporate the property settlement agreement into the decree was, therefore, not an abuse of discretion. The agreement is valid on its face. Mr. Lockhart testified that money was not the issue prompting him to contest the divorce. He stated that "[t]he issue now is the fact that I was willing to sign the house over until I found out that I could not have my name removed . . . from the mortgage." "The law will not invalidate a contract because it is ill-reasoned or ill-advised." *Drewry v. Drewry*, 8 Va. App. 460, 469, 383 S.E.2d 12, 16 (1989).

Mr. Lockhart also asserts that the trial court abused its discretion in denying him access to his personal property in the marital

residence. This argument ignores the fact that the trial court made the finding that Mr. Lockhart voluntarily signed both the consent order and property agreement in which he waived the rights he now seeks to revive. As aforementioned, the agreement was valid on its face and the trial judge acted within his discretion in incorporating it into the decree. The decree did provide that Mr. Lockhart could take possession of certain personal property, such as his tools. When asked what separate property had been improperly placed in the wife's possession, Mr. Lockhart indicated that his clothes and personal effects were still in the house. The trial judge ordered that Ms. Baxter put these items in a bag and leave them on the front porch. Therefore, the only separate property which Mr. Lockhart claims he was deprived of has been ordered to be returned to him.

Mr. Lockhart alleges that the trial court abused its discretion by awarding unreasonable attorney's fees. However, the trial court took evidence as to the amount of work Ms. Baxter's counsel incurred throughout her representation. Both the consent order and the property settlement agreement provided that Mr. Lockhart would pay Ms. Baxter's attorney's fees. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citation omitted). Upon review of the record, we cannot say that the trial judge's award was an abuse of discretion.

*Affirmed.*

Duff, J., and Willis, J., concurred.