PRESENT: All the Justices

VIRGINIA S. JONES,
ADMINISTRATRIX OF THE ESTATE OF
PAUL ARBON JONES, JR., DECEASED

OPINION BY
v.   Record No. 091745      JUSTICE WILLIAM C. MIMS
                            November 4, 2010
JOHNNY WILLIAMS, AN INFANT,
WHO SUES BY HIS MOTHER AND NEXT
FRIEND, DOSSHANDRA WILLIAMS, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

In this appeal, we consider whether Code § 8.01-397 required corroboration of the testimony of a non-party witness in favor of a prevailing plaintiff when the defendant was incapable of testifying.

I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

On June 4, 2005, Dosshandra Williams ("Williams") gave birth to Johnny Williams ("Johnny") at DePaul Medical Center in the City of Norfolk.  Williams was under the care of Paul Arbon Jones, Jr., M.D. ("Dr. Jones"), an obstetrician.  During the delivery, Johnny's shoulders became obstructed within the birth canal, a condition known as shoulder dystocia.  Shoulder dystocia is a potentially fatal emergency condition that deprives the baby of oxygen.  See Bostic v. About Women OB/GYN, P.C., 275 Va. 567, 571 & n.2, 659 S.E.2d 290, 291 & n.2 (2008).

Martha McGuirt, an obstetric nurse with thirty-three years' experience, assisted with the delivery.  McGuirt

testified at trial that she initially attempted to resolve the shoulder dystocia by pressing Williams' legs against her chest – a medical procedure known as the McRoberts maneuver. McGuirt further testified that when the McRoberts maneuver failed, Dr. Jones manually attempted to rotate Johnny's shoulders inside the birth canal. According to her testimony, Dr. Jones ordered McGuirt to apply fundal pressure – that is, to press her forearm forcefully on top of Williams' uterus. Thereafter Johnny was delivered successfully. However, he had suffered severe and permanent damage to the nerves in his right arm, a condition known as Erb's palsy. See id. at 571 & n.1, 659 S.E.2d at 291 & n.1.

Dr. Jones died on October 15, 2005. His widow, Virginia S. Jones ("Jones"), qualified as his personal representative. On October 24, 2007, Johnny filed a complaint against Jones as personal representative of Dr. Jones' estate in the circuit court through Williams, his next friend. Johnny alleged in the complaint that Dr. Jones had breached the standard of care in performing the delivery.[1]

At the close of Johnny's case in chief, Jones moved to strike the evidence. Jones argued that the testimony concerning fundal pressure was inadmissible under Code § 8.01-

_____

[1] Williams also sued in her individual capacity to recover future medical expenses. That claim was dismissed and is not before us on appeal.

2

397.  Jones asserted that McGuirt could not corroborate Johnny's claim because she was an interested party within the meaning of the statute.  The circuit court denied the motion.  Jones later renewed the motion to strike after presenting her defense.  The court again denied the motion.  Jones also proffered a jury instruction related to Code § 8.01-397, which the court refused.  The case was submitted to a jury, which found for Johnny and awarded $1,750,000 in damages.  We awarded Jones this appeal.

## II. ANALYSIS

"On appeal, we generally review evidentiary rulings under an abuse of discretion standard."  Boyce v. Commonwealth, 279 Va. 644, 649, 691 S.E.2d 782, 784 (2010).  However, the admissibility of McGuirt's testimony in this case requires an interpretation of Code § 8.01-397 and "[s]tatutory interpretation is a question of law which we review de novo, and we determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result."  Syed v. ZH Techs., Inc., 280 Va. 58, 69, 694 S.E.2d 625, 631 (2010) (quotation marks omitted).

The statute provides, in relevant part, that

[i]n an action by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor,

3

administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony.

Code § 8.01-397.

We have noted that the statute replaced the rigid common law rule that barred an adverse party from testifying in his own behalf in an action against an incapacitated litigant. Virginia Home for Boys & Girls v. Phillips, 279 Va. 279, 286, 688 S.E.2d 284, 287 (2010).  Under the statute, "testimony is subject to the corroboration requirement if it is offered by an adverse or interested party and if it presents an essential element that, if not corroborated, would be fatal to the adverse party's case."  Johnson v. Raviotta, 264 Va. 27, 32, 563 S.E.2d 727, 731 (2002).  Moreover, "evidence, to be corroborative, must be independent of the surviving witness. It must not depend upon his credibility or upon circumstances under his control. It may come from any other competent witness or legal source, but it must not emanate from him."  Virginia Home, 279 Va. at 286, 688 S.E.2d at 287-88.

Similarly, the testimony of the adverse party may not be corroborated by an interested party, or vice versa.  Ratliff v. Jewell, 153 Va. 315, 325, 149 S.E. 409, 411 (1929).  "However, that rule only applies when the corroborating witness has a pecuniary interest in common with the person whose testimony

4

needs corroboration in the judgment or decree sought to be entered based on that testimony." Johnson, 264 Va. at 38 n.2, 563 S.E.2d at 734 n.2 (emphasis added).

In Ratliff, we considered the types of interests in litigation that would render a witness an "interested party" within the meaning of the statute. The interests identified were (a) being liable for the debt of the party for whom he testified, (b) being liable to reimburse such a party, (c) having an interest in the property at issue in the action, (d) having an interest in the money being recovered, (e) being liable for the costs of the suit, or (f) being relieved of liability to the party for whom he testified if such party recovered from the incapacitated party. 153 Va. at 325-26, 149 S.E. at 412. In this case, Jones argues that McGuirt is an interested party under the last of these criteria because Johnny's recovery against Dr. Jones relieved her of potential liability. We disagree.[2]

We determined in Johnson that a witness whose testimony provides the basis for his or her own liability is not an "interested party" for purposes of Code § 8.01-397. Johnson, 264 Va. at 38 n.2, 563 S.E.2d at 734 n.2. As Jones conceded at

---

[2] Jones also asserts that the circuit court found McGuirt was an interested party and that Johnny failed to assign cross-error to this finding. The court made no such finding. Rather, the court assumed without deciding that if McGuirt was an interested party, her testimony was adequately corroborated.

oral argument, McGuirt's testimony may provide a basis for a claim of contribution. While Jones argues that the limitation of recovery established by Code § 8.01-581.15 gave McGuirt an incentive to maximize Dr. Jones' liability, Jones also conceded at oral argument that the fundamental question for establishing his liability was whether fundal pressure was applied before or after he had dislodged Johnny's shoulder. On that question, McGuirt testified that she did not know whether Dr. Jones had succeeded in manually rotating Johnny's shoulders clear of the obstruction prior to ordering the application of fundal pressure. Consequently, her testimony is neutral regarding the dispositive issue in this case.

Accordingly, we hold that McGuirt is not an "interested party" within the contemplation of Code § 8.01-397. Thus, there is no error in the circuit court's denial of Jones' motions to strike or its refusal to instruct the jury on the statute and we will affirm the judgment.

Affirmed.