PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ.

RICHARD KUMMER, ET AL.

OPINION BY
v.   Record No. 101232          JUSTICE WILLIAM C. MIMS
                                September 16, 2011
NANCY A. DONAK, ADMINISTRATRIX


                FROM THE CIRCUIT COURT OF WARREN COUNTY
                       Dennis L. Hupp, Judge

     In this appeal, we consider whether the adoption of an

adult has the same effect as the adoption of a minor, and

particularly for purposes of intestate succession.

             I.    FACTS AND MATERIAL PROCEEDINGS BELOW

     Justine Critzer ("Critzer"), a Virginia resident, died

intestate on March 31, 2006.  No spouse, siblings, children, or

parents survived her.  Nancy Donak ("Donak") was appointed

administratrix of her estate.  Donak could not locate a will.

Initially she believed Critzer's only heirs were distant

cousins.  Donak petitioned the Circuit Court of Warren County to

serve notice on fifty-three individuals with possible claims,

including Richard Kummer, Charles Kummer III, and Jane Kummer

Stolte ("Kummer children"), the appellants.  Donak subsequently

discovered that the Kummer children's deceased mother, Mary

Frances Kummer ("Mrs. Kummer"), was the biological sister of

Critzer.  Consequently, they were the niece and nephews of

Critzer and apparently were her closest surviving heirs.

Donak then moved the circuit court in November 2007 for leave to file an amended list of heirs that named the Kummer children as "the only necessary parties to these probate proceedings, the only beneficiaries of the estate and the only persons to whom distribution should be made." The court granted the motion in December 2007 and ordered Donak to distribute Critzer's estate accordingly.

Shortly thereafter, Donak and the Kummer children began to administer the estate. They sold, with approval by court order, two properties: a seventeen-acre property worth $272,000 in March 2008 and a thirty-three acre property worth $405,000 in June 2008.

In October 2009, Donak filed a petition for aid and direction and motion for rule to show cause against distribution in the circuit court, based upon the fact that Mrs. Kummer had been adopted in 1981, at the age of 53, by her aunt by marriage, Arietta Henry Kaleta. The court scheduled a hearing for February 2010 to determine the effect of Mrs. Kummer's adoption and appointed a guardian ad litem for the unknown heirs. At the hearing, the court interpreted Virginia's intestacy statutes to hold that the Kummer children were not Critzer's heirs at law because Mrs. Kummer's adoption severed their legal ties to Critzer and her estate. It further held that Virginia's statutory scheme does not distinguish between the adoption of an

2

adult and the adoption of a minor.  The Kummer children
appealed.

## II. ANALYSIS

This case presents issues of statutory construction, which
we review de novo.  Jones v. Williams, 280 Va. 635, 638, 701
S.E.2d 405, 406 (2010).  The legislature's intention is
determined by the words used in the statute.  Id.  When a
statute is clear and unambiguous, the Court will apply its plain
meaning.  Id.  This Court assumes the legislature chose such
words with care and is bound by those words in construing the
statute.  Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d
402, 404 (2011).

### A.   EFFECT OF THE ADOPTION ON INTESTATE SUCCESSION

On appeal, the Kummer children argue that the circuit court
erred in its judgment that they are not heirs at law of
Critzer's estate and, therefore, their mother's adoption did not
sever their ability to inherit from their biological aunt.  We
disagree.

Code § 64.1-1 delineates the course of descent for
intestate succession in cascading categories of priority,
depending on the existence of a surviving spouse, children of
the intestate or their descendants, any surviving parents, and –
at the fourth level – the decedent's siblings and their

descendants.  Code § 64.1-5.1 defines a child for purposes of Code § 64.1-1:

> If, for purposes of this title or for determining rights in and to property pursuant to any deed, will, trust or other instrument, a relationship of parent and child must be established to determine a succession or taking by, through or from a person:
>
> 1.  An adopted person is the child of the adopting parent and not of the biological parents . . . .

The Kummer children urge us to read these statutes to allow a person who has been adopted, and her descendants, to inherit from her biological sister.  They assert that Code § 64.1-5.1 does not apply in this case because no parent-child relationship need be established, but rather it only requires proof of the relationship of two sisters.  They also contend that the public policy behind intestate succession supports allowing property to descend to the closest blood relative and disfavors allowing the adoption of a person to sever the inheritance rights of her descendants.

Contrary to the Kummer children's assertion, this case unquestionably requires the establishment of a parent-child relationship to determine whether they can inherit through their mother.  The Kummer children seek to inherit from Critzer's estate based upon the course of descent under Code § 64.1-1.  To inherit as descendants of Critzer's sister, they must first

4

establish that Mrs. Kummer was Critzer's sister for purposes of the statutory scheme. That cannot be done unless a relationship of parent and child is established to show a common parent of Mrs. Kummer and Critzer. Applying the unambiguous language of Code § 64.1-5.1, Mrs. Kummer became the child of her adopting parent and no longer was the child of her biological parents.[1] Consequently, Critzer and Mrs. Kummer, while biologically sisters, were not legally sisters for purposes of intestate succession under Code § 64.1-1.

The Kummer children contend that the legislature never intended to divest an adopted child of inheritance rights from her biological family, because Code § 63.2-1215, which delineates the legal effects of adoption, does not specifically address intestate succession.[2] Code § 63.2-1215 states:

> The birth parents . . . shall . . . be divested of all legal rights and obligations in respect to the child including the right to petition any court for visitation with the child. . . . Except [in cases of stepparent adoption], any person whose interest in the child derives from or through the birth parent . . . including but not

---

[1] No contention is made in this case that the exception for adoption of a child by the spouse of a biological parent is applicable to the present facts. See Code § 64.1-5.1(1).

[2] The Kummer children assert that, in removing former Code § 63.1-234 (1973 & Supp. 1978), a descent and distribution provision in the adoption statute that barred inheritance from the biological family, the General Assembly intended to allow such inheritance because the provision was not replaced. Because Code § 64.1-5.1 is unambiguous, this Court will not consider the Kummer children's argument regarding legislative history. See Doss v. Jamco, Inc., 254 Va. 362, 370, 492 S.E.2d 441, 446 (1997) (citing cases).

5

limited to grandparents, stepparents, former stepparents, blood relatives and family members shall . . . be divested of all legal rights and obligations in respect to the child including the right to petition any court for visitation with the child. In all cases the child shall be free from all legal obligations of obedience and maintenance in respect to such persons divested of legal rights. Any child adopted under the provisions of this chapter shall . . . be, to all intents and purposes, the child of the person or persons so adopting him, and . . . shall be entitled to all the rights and privileges, and subject to all the obligations, of a child of such person or persons born in lawful wedlock.

This provision is consistent with Code § 64.1-5.1, as it declares that the adopted child becomes for "all intents and purposes" the child of the adopting parent. The child is then placed on equal footing in her adopting family as a child "born in lawful wedlock" to the adopting parents. McFadden v. McNorton, 193 Va. 455, 462, 69 S.E.2d 445, 449 (1952). This provision divested Mrs. Kummer's biological parents of their legal rights with respect to Mrs. Kummer. Such divestiture extends to collateral relatives whose interest derives through the parents, which includes Critzer.

The Kummer children ask us to find that the policy behind intestate succession is for property to pass to the decedent's closest blood relatives. However, consanguinity ceases to be paramount where the legislature expresses an intention to the contrary. Id. at 460, 69 S.E.2d at 448 ("[t]he inherita[nce] status of an adopted person is to be determined by the law-making body"); see also Uniwest Constr., Inc. v. Amtech Elevator

6

<u>Servs., Inc.</u>, 280 Va. 428, 440, 669 S.E.2d 223, 229 (2010) ("[t]he public policy of the Commonwealth is determined by the General Assembly, for 'it is the responsibility of the legislature, not the judiciary, . . . to strike the appropriate balance between competing interests . . . . Once the legislature has acted, the role of the judiciary is the narrow one of determining what [the legislature] meant by the words it used in the statute"). Because there is no ambiguity in the applicable statutes, the Kummer children's public policy argument must fail.

### B.   LEGAL EFFECT OF AN ADULT ADOPTION

The Kummer children assert that the adoption of an adult is not the same as the adoption of a minor, because it is motivated primarily by financial considerations. Therefore, Mrs. Kummer's adoption should not be treated as having the same legal effect as a child adoption. We disagree.

Code § 63.2-1243, the adult adoption statute, provides that adoption of an adult shall have the same effect as adoption of a child:

> Any interlocutory or final order issued in any case under this section shall have the same effect as other orders issued under this chapter; and in any such case, the word "child" in any other section of this chapter shall be construed to refer to the person whose adoption is petitioned for under this section.

7

Code § 64.1-5.1 has the same effect, as it refers to any "adopted person" rather than distinguishing between minor and adult.  The plain language of these statutes evinces the intention of the legislature to treat minor and adult adoptees the same.

Thus, the Kummer children's inheritance rights do not change based on Mrs. Kummer's adoption as an adult rather than as a child.  The effect of Mrs. Kummer's adoption as an adult divested her and her descendants of inheritance rights running from her biological family.  The Kummer children are not Critzer's heirs-at-law and cannot inherit from her estate.

### III.  CONCLUSION

For the reasons stated, we hold that the circuit court did not err in finding that the Kummer children are not heirs-at-law of the Critzer estate, because their mother's adult adoption severed their inheritance rights.  Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>