PRESENT: All the Justices

MARK F. LAHEY

                                                      OPINION BY
v.  Record No. 110552             ELIZABETH A. McCLANAHAN
                                                 January 13, 2012
GENE M. JOHNSON, DIRECTOR

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Mark F. Lahey challenges on appeal the circuit court's order dismissing his petition for a writ of habeas corpus as time-barred under the statute of limitations set forth in Code § 8.01-654(A)(2). Lahey submitted his habeas petition for filing on the last day of the limitations period, but did not complete payment of the filing fee until days later. The circuit court dismissed the petition as untimely under Code § 8.01-654(A)(2) upon determining that, under the express requirements of Code § 8.01-655, the petition could not be filed, or deemed filed, without proper payment of the filing fee. We agree with the circuit court and will affirm its judgment.

BACKGROUND

In 2006, Lahey was convicted of two counts of attempted first degree murder and was sentenced to 18 years' imprisonment. The Court of Appeals and this Court refused Lahey's petitions for appeal on June 7, 2007 and December 27, 2007 respectively.

Therefore, the last day for Lahey to file a petition for a writ of habeas corpus was December 29, 2008.[*] Code § 8.01-654(A)(2).

On December 29, 2008, the circuit court clerk's office received by mail from Lahey's counsel a petition for a writ of habeas corpus accompanied by a check in the amount of $32 for the filing fee. The same day, a deputy clerk emailed Lahey's counsel to advise him that the proper filing fee was $37, and that the fee submitted was $5 short. Lahey's counsel mailed a $5 check to the clerk's office on December 30, 2008. Due to the holidays and the weekend, the clerk's office received the $5 check on January 5, 2009, at which time the petition was "stamped and filed."

Appellee, Gene M. Johnson, Director of the Virginia Department of Corrections (the Director), moved to dismiss Lahey's habeas petition as untimely filed under the statute of limitations contained in Code § 8.01-654(A)(2). The Director asserted that the deadline for filing the petition was December 29, 2008; and that, while the clerk's office received the petition on that date, the clerk's office did not file it because Lahey failed to submit the proper filing fee at that time. Payment of the filing fee, the Director argued, was a "precondition to filing" under Code § 8.01-655, as the statute

---

[*] Because December 27, 2008 was a Saturday, the filing deadline was not until Monday, December 29, 2008. Code § 1-210.

2

expressly provided that the petition was "not [to] be filed without payment of court costs," Code § 8.01-655(B).  Thus, Lahey's habeas petition was time-barred, according to the Director, as it was not filed until January 5, 2009, when the clerk's office received payment for the remainder of the filing fee.

In response, Lahey conceded that December 29, 2008 was the last day of the limitations period under Code § 8.01-654(A)(2) for filing his habeas petition.  He argued, however, that the petition was filed, or alternatively should be deemed filed, when it was received in the clerk's office on that date for purposes of the statute of limitations - even though the filing fee was not paid in full, and the clerk's office did not accept the petition for filing, until January 5, 2009.  According to Lahey, no Virginia habeas related statute required payment of the filing fee as a precondition to filing a habeas petition; and he was at least in "substantial compliance" with the terms of Code § 8.01-655 when he submitted the initial payment of $32 with his petition, which was all the statute required. Lahey further argued that his petition otherwise should be considered "conditionally filed" on December 29, 2008 until he later "addressed and paid the $5 deficiency."

Following a hearing on the Director's motion, the circuit court ordered dismissal of Lahey's habeas petition upon

3

concluding that the petition was time-barred under Code § 8.01-654(A)(2).  In its letter opinion, the court explained that payment of the filing fee was a "mandatory predicate" for filing the petition under Code § 8.01-655.  Thus, "Lahey did not timely file his petition because he did not timely pay the [f]ee."

ANALYSIS

On appeal, Lahey assigns error to the judgment of the circuit court on the grounds that (i) the court erred in dismissing his habeas petition as time-barred "when the petition and $32 were timely but the filing fee was short by $5"; and (ii) the court erred in ruling that "the full filing fee was 'mandatory' or 'jurisdictional,'" instead of "apply[ing] substantial compliance, equitable tolling, or the concept of conditional filing."

Lahey's assignments of error present issues of law regarding the construction and application of Code §§ 8.01-654(A)(2) and 8.01-655(B).  We review such issues de novo. Kummer v. Donak, 282 Va. 301, 304, 715 S.E.2d 7, 9 (2011); Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 166 (2010).

Code § 8.01-654(A)(2) sets forth Virginia's statute of limitations governing the filing of habeas petitions, and provides, in relevant part: "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or

4

within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."  (Emphasis added.)

Code § 8.01-655 then addresses numerous substantive and procedural matters related to the filing of a habeas petition, including the directive that "[t]he petition will not be filed without payment of court costs unless the petitioner is entitled to proceed in forma pauperis and has executed the affidavit in forma pauperis."  Code § 8.01-655(B) (emphasis added).

The dispositive statutory provisions are thus limited to the following: the habeas petition "shall be filed" within the applicable limitations period, Code § 8.01-654(A)(2); however, the petition "will not be filed without payment of court costs" (where the petitioner is not proceeding in forma pauperis). Code § 8.01-655(B).

The last day for Lahey to file his habeas petition was December 29, 2008.  He submitted his petition to the circuit court clerk's office for filing on that date with insufficient payment of the filing fee, and he did not complete the payment until days later.  Nor did he submit his petition seeking in forma pauperis status.  On those facts, we agree with the circuit court that Lahey's habeas petition was time-barred under Code §§ 8.01-654(A)(2) because (a) the filing of the petition was conditioned upon proper payment of the filing fee (i.e., the

5

court cost) under Code § 8.01-655(B), and (b) Lahey did not complete payment of the filing fee until after the limitations period for filing the petition under Code § 8.01-654(A)(2) had expired.

Challenging the circuit court's ruling, Lahey asserts that Code § 8.01-655 requires only "substantial compliance" with its provisions. He then argues that his payment of $32 of the $37 filing fee, along with submission of his habeas petition, on the last day of the limitations period should be held to meet this standard. Lahey's reliance on this standard is misplaced. As the circuit court correctly concluded in rejecting this argument, the statute utilizes this standard only in reference to compliance with the required contents of the habeas petition. Code § 8.01-655(A) states in this regard: "Every petition filed by a prisoner seeking a writ of habeas corpus must be filed on the form set forth in subsection B. The failure to use such form and to comply substantially with such form shall entitle the court to which such petition is directed to return such petition to the prisoner pending the use of and substantial compliance with such form."

By contrast, the filing provision at issue under Code § 8.01-655(B) is unequivocal in providing, through plain and unambiguous language, that the petition "will not be filed without payment of court costs" where, as here, the petitioner

6

is not seeking in forma pauperis status. To hold that this provision requires something less than complete payment of the full filing fee to achieve filing of the habeas petition would amount to this Court rewriting the statute under the guise of statutory construction. " 'When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation.' " Doss v. Jamco, Inc., 254 Va. 362, 370, 492 S.E.2d 441, 445 (1997) (quoting Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)).

For the same reasons, we reject Lahey's argument that the circuit court should have otherwise deemed his habeas petition filed on the last day of the limitations period until he paid the balance of the filing fee days later by applying some principle of "equitable tolling" or "conditional filing." The express language of the Code § 8.01-655(B) filing provision does not contain any terms open for interpretation as such a savings provision. In making this argument, Lahey points to various rules of this Court, none of which address the statute's filing provision. See Rules 3:2, 3:3, 3A:25 and 5:5. To the extent, however, that any of those rules could be construed as conflicting with the statute, the statute would "prevail[] over

7

[them]."  Turner v. Commonwealth, 221 Va. 513, 519-20, 273 S.E.2d 36, 40 (1980) ("The Constitution of Virginia, Art. VI, § 5, prohibits the promulgation of any court rule 'in conflict with the general law as the same shall, from time to time, be established by the General Assembly.' "); see Pulliam v. Coastal Emergency Servs. of Richmond, Inc., 257 Va. 1, 21-23, 509 S.E.2d 307, 319 (1999) (same); see also Code § 8.01-3(D) ("In the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment").

Finally, we reject Lahey's contention that a habeas petition can be found to have been "filed" for purposes of the limitations period under Code § 8.01-654(A)(2) simply upon its submission to the clerk's office, even if it was not "filed" for purposes of Code § 8.01-655(B) due to a petitioner's failure to pay the full filing fee.  Reading Code §§ 8.01-654 and 8.01-655 in pari materia, we are convinced the legislature was addressing the same action when it used the term "filed" in each of these related statutes.  See Evans v. Evans, 280 Va. 76, 83 n.2, 695 S.E.2d 173, 176 n.2 (2010) ("Because [the two statutes at issue] clearly address the same subject matter, we construe them together under the 'in pari materia' canon of construction.").  Thus, if a habeas petition does not qualify for filing due to a

8

lack of full payment under Code § 8.01-655(B), then, as a matter of law, it is not "filed" for purposes of Code § 8.01-654(A)(2).

CONCLUSION

For the reasons stated, Lahey's habeas petition was time-barred under Code § 8.01-654(A)(2). Accordingly, we will affirm the judgment of the circuit court.

Affirmed.