PRESENT: All the Justices

LINDA A. EBERHARDT

OPINION BY
v.    Record No. 101761    JUSTICE WILLIAM C. MIMS
January 13, 2012

FAIRFAX COUNTY EMPLOYEES'
RETIREMENT SYSTEM BOARD OF TRUSTEES

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

In this appeal, we consider whether Code § 51.1-823 confers jurisdiction upon a circuit court to hear an appeal from a decision of the board of trustees of a retirement system, other than a police retirement system, in a county having the urban executive form of government.

I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Linda A. Eberhardt was an employee of the Fairfax County School Board from April 1991 to September 2009. In January 2007, she suffered injuries to her back and neck while at work and was transported to a hospital by ambulance. She subsequently filed a claim with the Workers' Compensation Commission. The parties stipulated that her injury arose out of and in the course of her employment, and that she was totally disabled from performing her pre-injury work duties from January 2007 to June 2007 and thereafter from August 2007.

As a school board employee, Eberhardt was a member of the Fairfax County Employees' Retirement Systems ("FCERS"). FCERS members are eligible for service-connected disability retirement benefits if the disability is due to injury by

accident arising out of and in the course of their employment. Fairfax County Code § 3-2-35. Alternatively, members may be eligible for ordinary disability retirement benefits if the injury is not job-related. Fairfax County Code § 3-2-33. The determination to award either service-connected or ordinary disability retirement benefits is made by the FCERS board of trustees ("the Board") on the recommendation of its medical examining board. Fairfax County Code §§ 3-2-33 and 3-2-35.

In July 2008, Eberhardt applied for service-connected disability retirement benefits. On the recommendation of the medical examining board, the Board denied her application in November 2008. Eberhardt appealed the Board's decision as provided by Fairfax County ordinance.[1] In April 2010, the Board again denied her application for service-connected disability retirement benefits but awarded ordinary disability retirement benefits.

In May 2010, Eberhardt filed an appeal from the Board's determination in the circuit court, ostensibly under Code § 51.1-823, which provides that "[a]n appeal of right from the action of the retirement board of any county having an urban

---

[1] Though described in the ordinance as an appeal, the procedure essentially is a rehearing because the adverse decision is reviewed by the very body that originally rendered it. See Fairfax County Code § 3-2-49(a) ("Any member adversely affected by a decision of the Board shall receive written notice of said decision and may, within thirty (30) days of receipt of said notice, request in writing a review by the Board of said decision, pursuant to procedures established by the Board.").

county executive form of government on any matter in which the board has discretionary power shall lie to the circuit court of the county which has jurisdiction of the board." The Board filed a motion to dismiss asserting that the court lacked subject-matter jurisdiction to hear the appeal because Code § 51.1-823 applies only to police officers' retirement systems in counties with the urban executive form of government. The court granted the motion to dismiss and we awarded Eberhardt this appeal.

## II. ANALYSIS

Eberhardt asserts the circuit court erred (1) by considering legislative history to interpret Code § 51.1-823 when, she contends, the statutory language is unambiguous and (2) by holding that the term "retirement board" meant only the retirement board of the police officers' retirement system despite the plain language of the statute.

## A. STANDARD OF REVIEW

We review a circuit court's interpretation of statutes de novo. Jones v. Williams, 280 Va. 635, 638, 701 S.E.2d 405, 406 (2010). When a statute is clear and unambiguous, "a court may look only to the words of the statute to determine its meaning." Hubbard v. Henrico Ltd. P'shp, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998). It may not "consider rules of statutory construction, legislative history, or extrinsic evidence." Perez v. Capital One Bank, 258 Va. 612, 616, 522

S.E.2d 874, 876 (1999). However, while the Code of Virginia is often regarded as the complete statutory law of the Commonwealth, that is not the case. Statutes are enacted by the General Assembly but the Code is arranged and published by the Virginia Code Commission, an entity created by the General Assembly. Code § 30-145 and 30-146.

The General Assembly has authorized the Commission to codify the "general and permanent statutes" enacted each year, Code §§ 30-146 and 30-147(A), but the underlying enacted legislation is found in the Acts of Assembly and is the complete and accurate statutory law of the Commonwealth.[2] Because the authoritative text of any statute is the text enacted by the General Assembly, reference to the legislation printed in the Acts of Assembly upon enactment does not offend the well-established rule against considering rules of statutory construction, legislative history, or extrinsic evidence. Simply put, the language of the Acts of Assembly <u>is</u> the plain language of the statute.[3]

---

[2] Because the Commission's statutory mandate includes only codifying general and permanent statutes, the Code omits many laws because they are not general, such as locality-specific charter amendments, <u>e.g.</u>, 2011 Acts ch. 454, or are not permanent, such as the biennial appropriations act and its amendments, <u>e.g.</u>, 2010 Acts ch. 874 and 2011 Acts ch. 890.

[3] Rarely, the codified language of a statute may diverge from the language enacted by the General Assembly because of error by the Commission, in which case courts rely on the legislative text found in the Acts of Assembly. <u>Alger v. Commonwealth</u>, 267 Va. 255, 257 n.1, 590 S.E.2d 563, 564 n.1 (2004) (When the Code diverges from the enacted bill, "[w]e consider only the language actually adopted by the General

Likewise, consideration of the entire statute – i.e., the entirety of a single legislative enactment as it appears in the Acts of Assembly as a whole – to place its terms in context to ascertain their plain meaning does not offend the rule because "it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal. A statute is not to be construed by singling out a particular phrase." Virginia Electric & Power Co. v. Board of County Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983) (internal quotation marks and alterations omitted). Accordingly, it is proper to consider the text of House Bill 821 as enacted on April 9, 1990, and printed as Chapter 832 of the Acts of Assembly of 1990 ("the Recodification Act"), to ascertain the plain meaning of Code § 51.1-823 because that legislative enactment is the source of the codified text.

B.   THE MEANING OF "BOARD" IN CODE § 51.1-823

Code § 51.1-823 refers to a board that is not defined in that section of the Code and it is the meaning of the word "board" that the parties dispute in this case:   Eberhardt contends the word means the board of any retirement system created by a county having an urban executive form of

_____

Assembly."). While that has not occurred in the statutes applicable in this case, the proposition underscores the primacy of the Acts of Assembly.

5

government, while FCERS contends it means only the board of a police officers' retirement system created by such a county.

A corollary of the rule that courts interpret a statute as a consistent and harmonious whole is that when a term is used in different sections of a statute, we give it the same meaning in each instance unless there is a clear indication the General Assembly intended a different meaning.  See Board of Supervisors v. Marshall, 215 Va. 756, 761-62, 214 S.E.2d 146, 150 (1975) ("[W]here a word is used in different sections of a statute and its meaning is clear in all but one instance, the same meaning will be attributed to it elsewhere unless there be something in the context which clearly indicates that the Legislature intended some other and different meaning." (internal quotation marks and alterations omitted)). Accordingly, we may look to the remainder of the Recodification Act, particularly within the same subdivision in which the provision codified as Code § 51.1-823 appears, to ascertain whether the word "board" is clarified there.  In this case, it is.

The provision codified as Code § 51.1-821 incorporates by reference Chapter 303 of the Acts of Assembly of 1944, titled "An ACT to provide for the establishment, maintenance and administration of a system of pensions and retirements for the benefit of the personnel of police departments of any county

[meeting certain criteria]," ("the Fairfax Police Retirement System Enabling Act").  Section 1 of that enactment states that

> [t]he governing body of any county [meeting certain criteria met only by Fairfax County at the time of enactment] is empowered and authorized to create and establish as hereinafter provided a board to be known as the "policemen's pension and retirement board" of the county, herein after referred to as the "board."

1944 Acts ch. 303.  Significantly, there is no alternative or superseding definition of the word "board" anywhere within the subdivision of the Recodification Act in which the provision codified as Code § 51.1-823 appears.

Eberhardt next contends that the definition of the word "board," which is incorporated by operation of Code § 51.1-821 into the article into which Code § 51.1-823 was codified, is superseded by the term "retirement board" that precedes it in the same sentence within Code § 51.1-823.  By doing so, she posits that the word "board" is susceptible to two meanings within the same subdivision of the statute.  Thus it may refer to two different boards within the same article.

"A statute is ambiguous if the text can be understood in more than one way or refers to two or more things simultaneously or when the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness."  Covel v. Town of Vienna, 280 Va. 151, 158, 694 S.E.2d 609, 614 (quoting Boynton v. Kilgore, 271 Va. 220, 227 n.8, 623 S.E.2d 922, 926 n.8 (2006)) (internal quotation marks omitted).

Courts may consider the legislative history of the statutory language to resolve such an ambiguity.  Virginia-American Water Co. v. Prince William County Serv. Auth., 246 Va. 509, 515, 436 S.E.2d 618, 621 (1993).

As previously noted, the provision codified as Code § 51.1-823 was enacted upon the approval of the Recodification Act.  The Act was the legislative implementation of the Virginia Code Commission's report on the revision of former Title 51 of the Code of Virginia.  The report explains that the provision codified as Code § 51.1-823 preserved the same right of appeal provided by § 13 of the Fairfax Police Retirement System Enabling Act, which had subsequently been codified in former Code § 51-127.28.  Virginia Code Commission, Report on the Revision of Title 51 of the Code of Virginia, House Doc. No. 52, at 121 (1990).  Both former Code § 51-127.28 and § 13 of the Fairfax Police Retirement System Enabling Act provided that "[a]n appeal of right from the action of the board on any matter in which the board is given discretionary power shall lie to the circuit court of the county within whose jurisdiction the board is."  While the recodification removed former Code §§ 51-127.10 through -127.30 from the Code of Virginia, those provisions remain statutory law because Code § 51.1-821 expressly incorporates the identical, earlier statutory language found in the Fairfax Police Retirement System Enabling Act prior to its codification in former Title

8

51.  As noted above, § 1 of the Fairfax Police Retirement System Enabling Act defines the word "board" as used throughout the act as the board governing the police retirement system enabled by that act.

The Virginia Code Commission report thus resolves any ambiguity about the word "board" as used in Code § 51.1-823. The word "board" there does not encompass the board of any retirement system created by a county having an urban executive form of government as Eberhardt contends and Code § 51.1-823 confers no greater right of appeal than § 13 of the Fairfax Police Retirement System Enabling Act.  Accordingly, the circuit court correctly ruled that Code § 51.1-823 did not confer jurisdiction upon it to hear Eberhardt's appeal and we will affirm its judgment.

Affirmed.