COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia

UNPUBLISHED

DALE WARREN DOVER, GUARDIAN *AD LITEM*
 FOR THE MINOR CHILDREN

MEMORANDUM OPINION[*] BY
v.      Record No. 1625-12-4          JUDGE STEPHEN R. McCULLOUGH
                                       APRIL 30, 2013

ALEXANDRIA DEPARTMENT OF COMMUNITY
 AND HUMAN SERVICES AND COURTNEY HODGE

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

Dale Warren Dover, Guardian *ad litem* for the minor children.

Richard F. Gibbons, Jr. (Jonathan Westreich, Special Counsel to the
Alexandria Department of Human Services; James L. Banks; Jill A.
Schaub; Office of the City Attorney, on brief), for appellee
Alexandria Department of Community and Human Services.

Dorathea J. Peters for appellee Courtney Hodge.

No brief or argument by Yvonne Weight for John Hatfield, Father
of T.H.

The guardian *ad litem* for the minor children appeals from two orders of the Circuit Court

for the City of Alexandria:  a permanency planning order returning custody of R.H. to her mother

and a separate order dissolving two protective orders.  The guardian *ad litem* contends that

(1) returning custody of R.H. to her mother contravened the Interstate Compact on the Placement of

Children; (2) dissolving the protective orders "exceeded the scope of notice, motions and the appeal,

amounting to a denial of Due Process"; and (3) returning custody of R.H. to her mother and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

dissolving the protective orders was not justified by the evidence. We find these contentions to be without merit, and we affirm the judgment below.

BACKGROUND

Mother has two children, T.H. and R.H. Following a confrontation with mother's then-boyfriend in which the boyfriend threatened the family with a butcher knife, the Alexandria Department of Community and Human Services ("the Department") took custody of R.H. and protective orders were entered for both R.H. and T.H. The Department never had custody of T.H. These events occurred in April of 2010.

On December 12, 2011, the juvenile and domestic relations district court entered three orders. First, the court entered a permanency planning order that returned custody of R.H. to mother. Second, the J&DR court continued the protective orders for T.H. and R.H. and set a review hearing for the protective orders to take place on June 11, 2012. Finally, the court entered an order for custody and visitation that returned custody of R.H. to her mother. The children's guardian *ad litem* appealed the permanency planning order and the protective orders to the circuit court. The guardian *ad litem* did not appeal the custody and visitation order.

The circuit court set a hearing for August 10, 2012, on the guardian *ad litem*'s appeals. Meanwhile, the J&DR court reviewed the protective orders on June 11, 2012, and dissolved them. The guardian *ad litem* appealed from that order as well.

At the hearing in the circuit court on August 10, 2012, the evidence established that mother had cooperated with the Department and had participated in the drug court program and in parent coaching. Mother maintained steady employment and housing. In April of 2010, mother was using the drug PCP. Mother had one positive drug screen for the drug in June of 2012, but the other screens before and after were negative. The evidence also showed that mother wrote bad checks on her mother's account. Mother agreed to pay the money back, and no criminal charges were filed.

She also had difficulty managing her money. The circuit court did not find any evidence, however, that mother had exposed the children to any danger. Although mother lost one job, she was able to find another.

A few days before the circuit court hearing, mother moved to Maine, where her father lives. In Maine, she received some financial assistance from her maternal grandmother. The Department purchased a train ticket for mother to travel to Alexandria from Maine to attend the hearing. Mother, however, was not present because her father could not take her to the train station in time for her to catch the train.

Following the hearing, the circuit court entered an order on August 15, 2012 dissolving the protective orders. On September 13, 2012, the court entered a permanency planning order returning custody of R.H. to mother.

## ANALYSIS

### I. THE INTERSTATE COMPACT ON THE PLACEMENT OF CHILDREN IS INAPPLICABLE.

The applicability of the Compact, incorporated into the Code of Virginia, is a question of law that we review *de novo*. See, e.g., Jones v. Williams, 280 Va. 635, 638, 701 S.E.2d 405, 406 (2010).

The children's guardian *ad litem* contends that mother's relocation to Maine violated the terms of the Compact. The Department maintains that the Compact, by its plain language, is inapplicable.[1] We agree with the Department. Article VIII of the Compact plainly provides that the

---

[1] The Department and counsel for mother also contend that, due to the text of the notice of appeal, the permanency planning order is not properly before this Court. The notice of appeal filed by the guardian *ad litem* states that the appeal is from the "Orders of [the circuit court] entered on the 15th day of August 2012." August 15, 2012, is the date the circuit court entered an order dismissing the protective orders. The notice of appeal does not include a reference to September 13, 2012, the date the circuit court entered the permanency planning order. The notice of appeal, however, references "orders," plural, and includes the record numbers from all three cases, including the permanency planning case. Although it would have been clearer for the notice of appeal to reference the order entered on September 13, 2012, rather than

Compact "shall not apply to" a situation where a parent sends or brings a child into the receiving state. Code § 63.2-1000. See State of Fla. v. L.G., 801 So. 2d 1047, 1051 (Fla. Ct. App. 2001) (detailing inapplicability of Compact to children relocating with a custodial parent who is in the custody of that parent).[2] At the time mother moved to Maine, she had custody of both children. The Department never had custody of T.H. Custody of R.H. was returned to mother by virtue of the three orders entered on December 12, 2011. The guardian *ad litem* did not appeal the order of custody and visitation returning custody to mother. Therefore, that order remained in effect. Furthermore, the guardian *ad litem* never sought a stay of the permanency planning order that returned custody of R.H. to mother. Because the permanency planning order returning custody to mother was never stayed, that order remained in effect. See Code § 16.1-298. Therefore, when mother moved to Maine, she had custody of both children. The fact that the Department may or may not have encouraged mother to move to Maine does not transform the Department into the children's legal custodian so as to implicate the Compact. In short, the Compact is inapplicable because mother had legal custody of the children when she moved to Maine.

In re L.L., 616 S.E.2d 392 (N.C. Ct. App. 2005), cited by the appellant, is simply irrelevant. That case involved a transfer of custody from the Johnston County Department of Social Services to foster parents who resided out of state.

The guardian *ad litem* also cites Compact Regulation 3, 2 (b) and (c). This regulation is designed to provide additional guidance when a placement is made under one of four enumerated

---

referencing only the August 15, 2012 order, we are satisfied that the appeal from all three cases is properly before this Court. Therefore, this case is distinguishable from Evans v. Commonwealth, 61 Va. App. 339, 735 S.E.2d 252 (2012) (dismissing the appeal because the notice of appeal failed to adequately identify the conviction appealed).

[2] In addition, as the court in L.G. notes, under Article III, mother's relocation to Maine is not a "placement" as statutorily defined, much less placement into "foster care or . . . [for] possible adoption." 801 So. 2d at 1050-51. See Code § 63.2-1000, Article III (a) and (b).

"placement categories."  One of those categories is a placement with a "parent or relative."  However, the regulation states that it applies only "when a parent or relative is not making the placement as defined in Article VIII (a) 'Limitations.'"  Furthermore, subpart (c) provides as follows:

> Court jurisdiction only: The sending court has an open abuse, neglect or dependency case that establishes court jurisdiction with the authority to supervise, remove and/or place the child.  Although the child is not in the guardianship/custody of an agency or the court at the time of completing ICPC-100A, the agency or the court may choose to exert legal authority to supervise and or remove and place the child and therefore is the sending agency.

The guardian *ad litem* focuses on the "open abuse, neglect or dependency case" language to argue that the children were subject to the protective orders and, therefore, the Compact applies.  This argument is contrary to the plain language of the regulation.  The regulation is clear that it applies when the court is exerting its legal authority to supervise and or remove and place the child.  Here, the court was not exercising that authority.  Mother, who had legal custody of the children, is the one who decided to move to Maine.  This regulation, therefore, is inapplicable.

## II. THE CIRCUIT COURT PROPERLY COULD DISSOLVE THE PROTECTIVE ORDERS THAT THE GUARDIAN *AD LITEM* APPEALED.

The guardian *ad litem*'s second assignment of error is that the circuit court erred in

> dissolving the extant Child Protective Orders which exceeded the scope of notice, motions and the appeal, amounting to a denial of Due [P]rocess, where the primary issue for the trial *de novo* was the issuance of the Permanency Planning Order by the [J]uvenile and Domestic Relations District Court, which transferred legal custody of the child to the mother.

The guardian *ad litem*'s argument under this assignment of error involves questions of law, which we review *de novo*.  Farrell v. Warren County Dep't of Soc. Servs., 59 Va. App. 375, 402, 719 S.E.2d 329, 342 (2012).

- 5 -

Citing mother's move to Maine with her children, the guardian *ad litem* complains that these "preemptive actions, if permitted, would render the perfected *de novo* appeal meaningless." Appellant's Br. at 20. The guardian *ad litem* offers no authority to support the premise, implicit in his argument, that mother was precluded from moving to Maine. Moreover, the record refutes any contention that the *de novo* appeal was meaningless. The circuit court resolved the appeal of the permanency planning order on the merits. After hearing the conflicting evidence of mother's progress from a variety of witnesses, the court concluded that a return of R.H. to the custody of mother constituted the appropriate resolution of the case. We find no basis for reversal.

The guardian *ad litem* also argues that the circuit court should have refrained from adjudicating the protective orders because a separate appeal on those orders was pending, *i.e.* the appeal he filed from the June 11, 2012 J&DR order dissolving those protective orders. He argues that "[t]he Circuit Court's decision to dissolve the Child Protective Orders before the successive appeal on that issue could be heard *de novo* implicates the due process rights of the children." Appellant's Br. at 22. There is no question that both protective orders were properly before the circuit court by virtue of the appeal filed by the guardian *ad litem* from the December 12, 2011 J&DR orders. With both protective orders properly before it, the circuit court undoubtedly had the power to adjudicate the appeal and, if the evidence so warranted, to dissolve the protective orders. The fact that this dissolution effectively rendered moot the later appeal from the June 2012 J&DR decision, also dissolving the protective orders, does not violate due process. A litigant who brings an appeal before the court does not suffer a due process violation because the court adjudicates that appeal. A court's commendable decision to exercise control over its docket in a manner that avoids unnecessary delay to the litigants hardly constitutes a due process violation. The guardian *ad litem* had notice of the hearing and the opportunity to be heard. No due process violation occurred. See Lockhart v. Baxter, 12 Va. App. 600, 604, 405 S.E.2d 434, 437 (1991).

### III. SUFFICIENCY OF THE EVIDENCE TO ENTER THE PERMANENCY PLANNING ORDER AND TO TRANSFER CUSTODY TO MOTHER

The guardian *ad litem* contends that the trial court erred in transferring custody to the mother pursuant to the permanency planning order and in dissolving the child protective orders. He asserts that doing so was contrary to the best interest of the children because the evidence establishes that mother "failed to maintain stable employment, housing and sobriety." Appellant's Br. at 22. The standard of review controls the outcome of this assignment of error.

"On appeal, we construe the evidence in the light most favorable to [the Department], the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom." Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002). "'Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1998) (quoting Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

Here, the evidence establishes that although mother failed a drug screen in 2012, the other drugs screens before and after the failed drug screen were negative. She maintained steady employment. Although she did lose one job, she sought and obtained another. She maintained housing throughout the period that the protective orders were in place. The evidence established that mother complied with the programs she was asked to participate in, and no evidence demonstrated a danger to the safety of the children. On these facts, we affirm the decision of the trial court to dissolve the protective orders and to enter a permanency planning order returning custody of R.H. to mother.

### IV. THE CITY'S REQUEST FOR ATTORNEY'S FEES AND COSTS

The Department asks this Court to award attorneys' fees and costs against the guardian *ad litem*, arguing that these appeals are frivolous. We decline to do so. See O'Loughlin v.

O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Although we find the guardian *ad litem*'s arguments to be without merit, we conclude that they are not frivolous. We do note, however, that a sincere desire to advocate for the best interest of the children does not obviate the need for a guardian *ad litem* to ground his contentions in law.

CONCLUSION

The judgment below is affirmed.

Affirmed.