COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia

ABEGAIL CORNWELL CRUZ, N/K/A
 ABIGAIL CABALLERO CORNWELL

v.     Record No. 1910-12-4

OPINION BY
JUDGE STEPHEN R. McCULLOUGH
APRIL 30, 2013

PETER S. CRUZ, SR.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Michael C. Miller (Cole Miller, PLLC, on brief), for appellant.

Michael A. Ward (Michael A. Ward, P.C., on brief), for appellee.

Abigail Caballero Cornwell, wife, appeals from an order granting a motion to strike her

divorce case. She contends that Code § 20-106(A)(iii) authorized her to "proceed to take evidence

in support of a divorce by deposition or affidavit without leave of court." We disagree and hold

that the trial court correctly construed Code § 20-106(A)(iii).

BACKGROUND

Wife filed her divorce complaint on December 19, 2011, seeking a divorce on the ground

that she and her husband, Peter S. Cruz, Sr., had lived separate and apart for a period in excess of

one year. Husband, who resided in Saudi Arabia at the time, was personally served with the

complaint on January 5, 2012. On March 15, the circuit court entered a Domestic Relations Case

Scheduling Order. Among other things, that order provided that "dispositive motions shall be

presented to the court for hearing as far in advance of the applicable trial date as practical." App.

at 9.

The first pleading husband filed was on May 7, 2012. That pleading was styled "Special Appearance to Object to Jurisdiction and to Quash Process." The court denied husband's objection on May 9, 2012. App. at 16. On June 22, 2012, husband filed a motion to dismiss, contending that the marriage was void *ab initio* on the ground of bigamy. He alleged that wife had previously married, and had remained married, at the time she purported to marry husband. The court deferred consideration of this motion so that it might be heard on the same date as the hearing on matters of equitable distribution and support. The case was continued several times, and a trial date was ultimately set for September 25, 2012. The day before the trial, at 3:26 p.m., husband filed a supplemental motion to dismiss, with attached exhibits, again asserting that the marriage was void *ab initio* on the basis that wife was married to another man at the time she purported to marry husband.

At the hearing, counsel for wife sought to introduce an affidavit to corroborate her testimony that she had been separated from her husband for more than one year. Husband objected on the ground of hearsay. Wife responded that under Code § 20-106(A)(iii), husband's failure to file a *timely* responsive pleading under the rules of court meant that she could rely on the affidavit. Initially, the court ruled that Code § 20-106(A)(iii) did not apply because husband had, indeed, filed a responsive pleading. Later in the hearing, however, the court reconsidered this conclusion and held that Code § 20-106(A)(iii) requires a responsive pleading that is timely under the rules of court. Moreover, the court held, husband's pleadings were not timely under the rules.[1] Nevertheless, the court went on to rule that Code § 20-106(A)(iii) forecloses reliance on an affidavit when the defendant spouse has made an appearance. The court concluded that, because husband had made an appearance through his lawyer, wife could not rely on the affidavit. Without the affidavit, wife had

---

[1] Counsel for husband did not argue, and the court did not address, whether husband's pleadings may have been timely under the scheduling order.

no corroborating testimony to establish the period of separation. The trial court granted husband's motion to strike and dismissed the case.

ANALYSIS

Our common law tradition, in both civil and criminal cases, has long favored live testimony, in court, subject to adversarial testing. Crawford v. Washington, 541 U.S. 36, 43 (2004). See also 3 W. Blackstone, Commentaries on the Laws of England 373-74 (1768). In addition, "the public policy of Virginia requires that before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony." Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990). See also 1-6 Bryson on Virginia Civil Procedure § 6.06 (4th ed. 2005) ("Since the plaintiff in a suit for a divorce must prove his or her case, default judgment is not allowed.").

In 2012, the General Assembly modified Code § 20-106(A) to allow a spouse to obtain a divorce by relying on depositions or affidavits, without leave of court, in limited circumstances. See 2012 Va. Acts ch. 72, pp. 102-03.

The statute at issue, Code § 20-106(A), provides as follows:

> § 20-106. Testimony may be required to be given orally; evidence by affidavit.
>
> A. In any suit for divorce, the trial court may require the whole or any part of the testimony to be given orally in open court, and if either party desires it, such testimony and the rulings of the court on the exceptions thereto, if any, shall be reduced to writing, and the judge shall certify that such evidence was given before him and such rulings made. When so certified the same shall stand on the same footing as a deposition regularly taken in the cause; provided, however, that no such oral evidence shall be given or heard unless and until after such notice to the adverse party as is required by law to be given of the taking of depositions, or when there has been no service of process within this Commonwealth upon, or appearance by the defendant against whom such testimony is sought to be introduced. *However, a party may proceed to take*

*evidence in support of a divorce by deposition or affidavit without leave of court only in support of a divorce on the grounds set forth in subdivision A (9) of § 20-91, where (i) the parties have resolved all issues by a written settlement agreement, (ii) there are no issues other than the grounds of the divorce itself to be adjudicated, or (iii) the adverse party has been personally served with the complaint and has failed to file a responsive pleading or to make an appearance as required by law.*

(Emphasis added).

The interpretation of this statute is an issue we review *de novo*. Jones v. Williams, 280 Va. 635, 638, 701 S.E.2d 405, 406 (2010). Courts must apply the plain language of a statute unless its terms are ambiguous, or applying the plain language would lead to an absurdity. Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

Code § 20-106(A) establishes as a general proposition that a trial court may require that testimony be given orally, in open court. It then provides an exception to that rule, by allowing a party, in specifically delineated circumstances, to rely on depositions or affidavits without obtaining leave of court. As a threshold matter, the divorce must be based on the grounds set forth in subdivision (A)(9) of Code § 20-91, *i.e.*, the parties have lived separate and apart for one year, or for six months if there are no minor children and the parties have entered into a separation agreement.[2] Where the grounds for divorce are derived from subdivision (A)(9) of Code § 20-91, Code § 20-106(A)(i) allows a party to rely on depositions or affidavits without

---

[2] Code § 20-91(A)(9) provides in relevant part as follows:

> On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year. In any case where the parties have entered into a separation agreement and there are no minor children either born of the parties, born of either party and adopted by the other or adopted by both parties, a divorce may be decreed on application if and when the husband and wife have lived separately and apart without cohabitation and without interruption for six months.

leave of court when the parties have resolved all issues by a written settlement agreement. That

provision plainly does not apply here. Subpart (ii) of § 20-106(A) also allows a party to rely on

depositions or affidavits without leave of court when there are "no issues other than the grounds

of the divorce itself to be adjudicated." This ground likewise does not apply to the case at bar.

Wife argues that subpart (iii) of § 20-106(A) entitles her to rely on the affidavit she

proffered. We first note that the trial court's ruling that the "responsive pleading" under

§ 20-106(A)(iii) must be a *timely pleading* under Rule 3:8 is not the subject of an assignment of

cross-error by husband. For purposes of this case, therefore, we are not called upon to construe

whether a responsive pleading filed at any time defeats the operation of § 20-106(A)(iii) or

whether, instead, as wife argues and as the trial court held, the responsive pleading under

§ 20-106(A)(iii) must be *timely* filed, either under the default rules of court or under a scheduling

order. Instead, the only issue before us is whether an appearance by a party defeats the

application of Code § 20-106(A)(iii), and thus precludes wife from relying on an affidavit to

corroborate her separation from husband for more than a year.[3]

Wife does not dispute that husband made an appearance through his attorney. Instead,

she argues that Code § 20-106(A)(iii) authorizes her to rely on an affidavit or deposition without

leave of court unless husband has *both* filed a responsive pleading *and* made an appearance.

Wife's interpretation is contrary to the plain language of the statute. The phrase "has failed to

file a responsive pleading or to make an appearance as required by law" is most naturally read to

impose two separate circumstances, the filing of a responsive pleading *or* an appearance, either

of which will defeat divorce by affidavit or deposition without leave of court. This reading is not

only consistent with the plain language of Code § 20-106(A)(iii), it also is consistent with the

---

[3] The parties do not present any argument with regard to the phrase "as required by law."
Code § 20-106(A)(iii). Therefore, we assume for purposes of this opinion that husband's
appearance was "as required by law."

overall purpose of Code § 20-106(A), which, as evidenced by subsections (i) and (ii), is to allow the use of depositions or affidavits without leave of court only when the divorce is, aside from the ground of divorce itself under subsection (ii), uncontested. When the defending party enters an appearance to challenge the divorce, that party obviously is not proceeding in an uncontested fashion.[4]

Finally, husband asks us to award attorney's fees incurred in this appeal. Wife has presented thoughtful arguments on a case of first impression. Accordingly, we deny the request. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## CONCLUSION

We affirm the judgment of the trial court.

Affirmed.

---

[4] Our conclusion that an appearance precludes the application of Code § 20-106(A)(iii) should not be taken as an invitation for litigants to generate needless delay and expense by entering a late appearance without good cause. Should a party enter an appearance at the eleventh hour and thereby engender needless expense and delay for the opposing party, a court may, within its discretion, award attorney's fees. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). In addition, a court may enter scheduling orders directing the parties to meet specific deadlines.