COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, AtLee and Senior Judge Clements

WILBERT FRANCISCO LAVEIST

                                    MEMORANDUM OPINION*

v.      Record No. 1845-15-1                          PER CURIAM
                                                  APRIL 5, 2016

RITA M. LAVEIST

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Wayne Marcus Scriven; Scriven Law Offices, on briefs), for
appellant.

(Wanda N. Allen; F. Winslow Young; Access Law Group, P.C., on
brief), for appellee.

On October 22, 2015, the circuit court entered a final decree of divorce, which awarded Rita

M. Laveist (wife) a divorce from Wilbert F. Laveist (husband). Husband argues that the trial court

erred by (1) finding that the evidence was insufficient to establish adultery because "the exact dates

and times of this adultery were not provided by corroborating testimony;" (2) failing to set aside the

parties' November 5, 2013 property settlement agreement and incorporating it into the final decree

of divorce; (3) failing "to find that appellee [wife] was barred from relying on the affidavit

testimony that was set aside by Judge Junius Fulton on July 11, 2014, and, by retroactively granting

leave to appellee [wife] to use such affidavit testimony on October 22, 2015;" (4) holding that wife

was not barred from receiving spousal support because "of her marital misconduct of committing

adultery;" and (5) overruling husband's objection to the final decree of divorce. Wife argues that

the trial court erred when it "altered the order submitted by counsel for the wife and the trial court

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

refused to dismiss the counter-complaint filed by the husband upon the wife's motion to dismiss defective pleadings." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Husband and wife married on August 3, 1992. On May 1, 2013, the parties separated, but lived under the same roof. The parties discussed the terms of a property settlement agreement and spousal support. Wife retained an attorney to represent her, but husband did not. Wife's attorney drafted a property settlement agreement, and on November 5, 2013, the parties signed it.

On March 27, 2014, wife filed a complaint for divorce. On April 7, 2014, husband received a copy of the complaint and signed a waiver of notice. On May 5, 2014, wife filed the proof of service, husband's waiver, the affidavits of wife and her corroborating witness, and a proposed final decree of divorce. Husband subsequently filed a motion to set aside the waiver of notice and asked for leave to file responsive pleadings. He stated that he obtained evidence that wife committed adultery, and he questioned the paternity of a child born during the marriage. On July 11, 2014, the circuit court entered an order granting husband's motion. His waiver of notice was "stricken from the record," and husband was granted leave to file responsive pleadings.

On July 18, 2014, wife filed an amended complaint. She asked that the terms of the parties' property settlement agreement be ratified and affirmed by the court and incorporated into

a final decree of divorce. On August 4, 2014, husband filed an answer and grounds of defense, along with a counter-complaint. Husband alleged that wife had committed adultery during the marriage and continued to do so when she filed her complaint for divorce in March 2014. He also stated that after she filed her complaint for divorce, he had a paternity test and learned that he was not the father of one of the children born during the marriage. He further argued that the parties did not enter into a valid property settlement agreement because of wife's "fraudulent behavior" and the agreement "lacked sufficient consideration . . . to constitute a fair and fully bargained agreement of the parties." Wife filed an answer to the counter-complaint. She also filed a motion to dismiss husband's counter-complaint and for summary judgment.

On August 27, 2015, the parties appeared before the circuit court. Husband argued that the parties' settlement agreement should be set aside on the grounds of fraud and marital misconduct. He also asked the court to award him a divorce based on adultery. Wife argued that the trial court should dismiss husband's counter-complaint. After hearing the evidence and argument, the circuit court granted wife's motion to dismiss husband's counter-complaint and request for summary judgment. The circuit court entered an order on September 14, 2015 memorializing its ruling.

On October 22, 2015, the parties again appeared before the circuit court. Wife sought entry of the final decree of divorce. Husband argued that wife failed to prove the ground of divorce, i.e. living separate and apart for six months. The trial court disagreed and entered the final decree of divorce on October 22, 2015. This appeal followed.

ANALYSIS

*Husband's assignments of error #1 and 2*

Husband argues that the trial court erred in finding that the evidence was insufficient to (1) prove that wife committed adultery and (2) set aside the parties' property settlement agreement.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the first and second assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Husband's assignment of error #3*

Husband argues that the trial court erred by failing to find that wife was barred from relying on affidavit testimony that was previously set aside, but then subsequently allowed.

The July 11, 2014 order stated that husband's "Waiver of Notice of April 7, 2014, and his resulting default from failure to file responsive pleadings, are set aside and the Waiver Notice is hereby stricken from the record of this action and is otherwise null and void and of no effect."

Husband filed a response to wife's complaint and his own cross-complaint. After hearing the evidence and argument on August 27, 2015, the trial court granted wife's motion to dismiss and request for summary judgment. At the conclusion of that hearing, the trial court asked the parties, "Where does that leave us?" Wife's counsel informed the trial court that she would like to proceed with the divorce on no-fault grounds. Counsel stated that affidavits had been filed previously to establish the jurisdictional grounds for divorce, and all that needed to be done was to circulate a final decree of divorce. The trial court asked husband and his counsel whether they agreed. Husband's counsel responded, "We don't have a position, Your Honor." The trial court reviewed the file and found that "as a matter of fact and a matter of law that jurisdiction grounds do exist" and asked wife to prepare a final decree of divorce based on no-fault grounds.

On October 22, 2015, the parties appeared before the circuit court for entry of the final decree. Husband objected to the entry of the final decree of divorce because wife was relying on affidavits to prove the jurisdictional grounds for divorce.[1] He asserted that the trial court previously set aside wife's request for divorce once husband was allowed to file his responsive pleadings. Husband relies on Code § 20-106(A) and Cruz v. Cruz, 62 Va. App. 31, 741 S.E.2d 71 (2013), to support his arguments.

Code § 20-106(A) states:

> In any suit for divorce, the trial court may require the whole or any part of the testimony to be given orally in open court, and if either party desires it, such testimony and the rulings of the court on the exceptions thereto, if any, shall be reduced to writing, and the judge shall certify that such evidence was given before him and such rulings made. When so certified the same shall stand on the same footing as a deposition regularly taken in the cause, provided, however, that no such oral evidence shall be given or heard unless and until after such notice to the adverse party as is required by law to be given of the taking of depositions, or when there has

---

[1] It appears from the record that husband first noted an objection at a hearing on September 14, 2015; however, the record does not include a transcript or written statement of facts of the September 14, 2015 hearing.

been no service of process within this Commonwealth upon, or appearance by the defendant against whom such testimony is sought to be introduced. However, a party may proceed to take evidence in support of a divorce by deposition or affidavit without leave of court only in support of a divorce on the grounds set forth in subdivision A (9) of § 20-91, where (i) the parties have resolved all issues by a written settlement agreement, (ii) there are no issues other than the grounds of the divorce itself to be adjudicated, or (iii) the adverse party has been personally served with the complaint and has failed to file a responsive pleading or to make an appearance as required by law.

In Cruz, the Court affirmed the trial court's ruling that the wife could not rely on an affidavit, submitted without leave of court, to corroborate her testimony about the parties' separation once husband made an appearance in the case. 62 Va. App. at 33, 741 S.E.2d at 71. The Court analyzed Code § 20-106(A) and noted that the statute "establishes as a general proposition that a trial court may require that testimony be given orally, in open court." Id. at 36, 741 S.E.2d at 73. The Court then acknowledged that the statute "provides an exception to that rule, by allowing a party, in specifically delineated circumstances, to rely on depositions or affidavits without obtaining leave of court." Id. The Court held that "the overall purpose of Code § 20-106(A) . . . is to allow the use of depositions or affidavits without leave of court only when the divorce is, aside from the ground of divorce itself under subsection (ii), uncontested." Id. at 37, 741 S.E.2d at 73-74.

Contrary to husband's arguments, this case is distinguishable from Cruz. Here, the trial court held that the affidavits were "viable" after it denied husband's counter-complaint because the case reverted back to wife's original claim in which she submitted the affidavits. At the August 27, 2015 hearing, the trial court asked husband if he agreed with the procedure for finalizing the divorce. Husband responded, "We don't have a position, Your Honor." It was at that point that husband needed to note his objection to the use of the affidavits, so husband's subsequent objections were not timely. See Marlowe v. Commonwealth, 2 Va. App. 619, 621,

347 S.E.2d 167, 168 (1986) ("To be timely, an objection must be made when the occasion arises– at the time the evidence is offered or the statement made.").

Moreover, husband's arguments regarding the use of the affidavits fail because, unlike the situation in <u>Cruz</u>, wife had leave of court to file the affidavits. The trial court specifically held that it granted wife "leave of court to proceed upon the affidavits that would establish the separation date."

Based on the record, the trial court did not err in allowing wife to use the previously submitted affidavits to prove the jurisdictional grounds for divorce.

*Husband's assignments of error #4 and 5*

Husband argues that the trial court erred by holding that wife was not barred from receiving spousal support and by overruling his objection to the entry of the final decree of divorce. Wife argues that husband did not "set forth his rationale to support" his arguments. Husband's opening brief includes three sections that deal with the first three assignments of error. His opening brief does not mention the fourth and fifth assignments of error in his argument section. In his reply brief, husband contends the arguments were included in the other arguments he made regarding the first three assignments of error. We disagree with husband and find that the fourth and fifth assignments of error are waived. <u>See</u> <u>Muhammad v. Commonwealth</u>, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

*Wife's assignment of error*

Wife argues that the trial court erred when it "altered the order submitted by counsel for the wife and the trial court refused to dismiss the counter-complaint filed by the husband upon the wife's motion to dismiss defective pleadings." She acknowledges that this issue was not preserved

pursuant to Rule 5A:18 and asks this Court to consider her argument pursuant to the good cause exception.[2]

On June 15, 2015, the circuit court entered an order prepared by wife's counsel. The order denied wife's motion to dismiss husband's counter-complaint on the ground of adultery. The circuit court crossed out a sentence that said, "The Defendant failed to allege the specific date, time and place of the alleged adultery in his Counter Complaint." For the first time on appeal, wife argues that the circuit court erred in striking this language and "created a legal fiction" that husband met the requirements of Code § 20-91(A)(1).

Contrary to wife's arguments on appeal, she had the opportunity to object. The circuit court entered the order on June 15, 2015. She did not file any objections with the court after the entry of the order, even though there were numerous pleadings filed and several hearings conducted after this order. Therefore, the good cause exception does not apply. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that Rule 5A:18 applied because the party failed, "without good cause," to object to the evidence).

*Attorney's fees and costs*

Both husband and wife ask this Court to award them attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny their requests. Rule 5A:30(b).

---

[2] Although wife signed the order as "seen and objected to," she did not include the specific objection she raises on appeal. See Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc) (a statement of "seen and objected to" is insufficient to preserve an issue for appeal).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>